CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
MAY 21 2008
JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Criminal No. 5:07CR00061-001 |
| v. ) | |
| ) | MEMORANDUM OPINION |
| BRAD EVERETT FORD, ) | |
| ) | By: Samuel G. Wilson |
| Defendant. ) | United States District Judge |

The defendant, Brad Everett Ford, is charged with possession with intent to distribute marijuana, and with possession of a firearm in furtherance of a drug trafficking crime. 21 U.S.C. § 841(a)(1) (2000); 18 U.S.C. § 924(c)(1) (2000). Ford has moved to suppress his statements to the Virginia State Trooper who pulled him over and evidence from the subsequent search of his car. Ford claims that his self-incriminating statements should be suppressed because Ford was in custody and the trooper should have read Ford his <u>Miranda</u> rights before interviewing him. <u>Miranda v. Arizona</u>, 384 U.S. 444 (1966). Ford also claims that the trooper violated Ford's Fourth Amendment rights when he searched Ford's car without a warrant. Having conducted an evidentiary hearing, the Court finds that the trooper did not detain Ford to an extent which implicated <u>Miranda</u>. Further, the Court finds that the trooper had probable cause to search Ford's car. Accordingly, the Court denies Fords's motion to suppress.

I.

On September 13, 2007, Virginia State Trooper Miller stopped Ford on Interstate 81 for speeding, changing lanes improperly, and driving with a non-operational brake light. When Ford pulled over, Miller approached Ford's car from the passenger side and asked Ford's passenger to

roll down his window so Miller could speak to Ford and the passenger. Miller smelled marijuana when the passenger rolled down the window. Miller asked Ford for his license and registration and then asked Ford to step out of the car and into Miller's own vehicle so Miller could explain to Ford why he had pulled Ford over. According to the police cruiser camera video, Miller and Ford conversed in Miller's car for approximately eight minutes before Miller asked Ford if he had anything illegal in his vehicle. Ford responded that he did not. Miller then told Ford that he was going to bring a drug-sniffing dog to the scene. Before Miller could do so, Ford responded that he would be honest with Miller, stating "me and my boy [have] been doing a little bit of weed." Ford then told Miller that anything officers found in his car was his. At that point, Miller called backup officers who arrived approximately seven minutes later. The officers searched Ford's car and explained to Ford that they would restrain him in an investigative detention for the officers' safety. In searching Ford's car, the officers found a .38 revolver, a 9-millimeter pistol, ammunition, digital scales, baggies, ecstasy pills, and marijuana. When the officers found these items, Miller informed Ford that he was under arrest and read him his Miranda rights.

## II.

Ford seeks to suppress the statements he made to Miller before Miller read him his Miranda rights. Ford argues that he was in custody from the moment that he entered Miller's patrol car and that the Court should suppress statements from that time until Miller read him his Miranda rights. The Court finds that Miller did not detain Ford to the extent normally associated with formal arrest and denies Ford's motion to suppress his statements.

When a motorist is temporarily and briefly detained pursuant to an ordinary traffic stop, he is not "in custody" for the purposes of Miranda. Berkemer v. McCarty, 468 U.S. 420, 436-37

2

Case 5:07-cr-00061-SGW    Document 41    Filed 05/21/08    Page 2 of 4    Pageid#: 69

(1984). Thus, an officer need not "mirandize" a motorist unless and until there is a restraint on the motorist's freedom of movement "to the degree associated with a formal arrest" because only at that point is the motorist "in custody" for the purposes of Miranda. California v. Beheler, 463 U.S. 1121, 1125 (1983).

The circumstances of Miller's interview with Ford do not show that Miller restrained Ford to a degree associated with formal arrest before Ford made inculpatory statements. Ford, accompanied Miller to his patrol car without hesitation and sat unrestrained in the front seat. United States v. Manbeck, 744 F.2d 306, 378 (4th Cir. 1984) (fact that a suspect was not handcuffed made interview unlike formal arrest and supported determination that interview was non-custodial; court also found that Miranda warnings are not required simply because one is questioned in a police car). Ford conversed with Miller and voluntarily stated that he had smoked marijuana and that anything officers found in his car was his. United States v. Griffin, 922 F.2d 1343, 1349 (8th Cir. 1990) (suspect's voluntary acquiescence to an interview is a factor in determining whether he is in custody). The Court finds Miller did not restrain Ford to the degree associated with formal arrest before Ford made inculpatory statements. Rather, Miller briefly detained Ford pursuant to an ordinary traffic stop and was not required to read Ford his Miranda rights because Ford was not in custody. Accordingly, the Court denies Ford's motion to suppress his statements.

### III

Ford also seeks to suppress the evidence officers seized in searching his car. The Court finds that Miller had probable cause to search Ford's car based on the odor of marijuana Miller smelled.

3

An officer may search a car he has properly stopped, even without a warrant, if the officer has probable cause to believe that the car contains contraband and that contraband could be moved by the time the officer obtains a warrant. California v. Carney, 471 U.S. 386, 390-391 (1985). The smell of marijuana emanating from an automobile constitutes probable cause to believe that marijuana is in the vehicle, justifying a search. United States v Humphries, 372 F.3d 653, 658 (4th Cir. 2004).

Here, Miller not only smelled marijuana emanating from Ford's car but Ford stated that he had smoked marijuana with his passenger. Accordingly, the Court finds that Miller had probable cause to search Ford's car and denies Ford's motion to suppress the evidence recovered during that search.[1]

### IV.

For the reasons stated, the Court denies Ford's motion to suppress.

**ENTER**: This 21st day of May, 2008.

_____
UNITED STATES DISTRICT JUDGE

---

[1] Ford suggested that race may have played a role in the stop. There is no evidence whatsoever to support that suggestion. The Court credits trooper Miller's testimony that the sun was in Miller's eyes as Ford passed and he pursued Ford only because Ford was speeding.